Coach Stan Williams c/o Central High School 1500 South Park Street Little Rock, AR 72202
Dear Coach Williams:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 et seq.).
You indicate that the press has requested a copy of your letter of resignation from your coaching position at Central High School. You state that you would prefer that the letter, as well as your entire personnel file, remain confidential.
You have provided me with a copy of the resignation letter and an attached record reflecting an assignment of coaching duties, referred to in the letter.
I am directed by law to issue an opinion concerning the releasability of these records. A.C.A. § 25-19-105(c)(3)(B).
RESPONSE
It is my opinion that the letter of resignation should be released, but that certain information contained in the letter should be redacted before the letter is released. The record reflecting an assignment of coaching duties should be released. I cannot opine definitively as to the releasability of any other records in your personnel file, having not seen those records. However, I will set forth the tests for releasability that are applicable to the types of records that are usually maintained in personnel files. All of these issues are discussed more fully below.
Resignation Letters
This office has consistently opined that letters of resignation generally constitute "personnel records," within the meaning of the FOIA. See,e.g., Ops. Att'y Gen. Nos. 2002-006; 2001-276; 99-147; 99-119; 98-122; 95-162; 88-147. Although the FOIA does not define the term "personnel records," this office, relying on Watkins, The Arkansas Freedom ofInformation Act (3rd Ed. 1998) at 134, has opined that "personnel records" are all records other than "employee evaluation/job performance records" (discussed hereinafter) that pertain to individual employees, former employees, and successful job applicants. See, e.g., Ops. Att'y Gen. Nos. 2002-158; 2002-150; 2001-217; 2001-055; 2000-130. The standard for the release of "personnel records" under the FOIA is set forth in A.C.A. § 25-19-105(b)(12). That section of the FOIA provides that personnel records are subject to disclosure except to the extent that their release would constitute a "clearly unwarranted invasion of [the] personal privacy" of the employee to whom they refer. Id.
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. SeeYoung v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." The court has found that the employee's interest outweighs the public's interest only in cases where the record reveals the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends.Id.
The office has consistently taken the position that unless a letter of resignation contains statements that are of a personal nature, the release of the letter will not constitute a clearly unwarranted invasion of personal privacy, so as to be exempt from disclosure. See Ops. Att'y Gen. Nos. 2002-006; 2001-276; 97-063; 95-169; 95-162; 89-077. More specifically, this office has opined that a statement detailing the employee's intent to cease employment on a certain date and listing the justifications for taking such action does not implicate the privacy concerns reflected in A.C.A. § 25-19-105(b)(12). Id. If the resignation letter includes more detailed information of a personal nature, however, it may be exempt from disclosure. See, e.g., Op. Att'y Gen. No. 96-088.
The question of whether any particular letter of resignation should be released is question of fact that must be determined on a case-by-case basis. In my opinion, your letter of resignation contains certain information (specified below) that is sufficiently personal in nature to warrant withholding that information from the public. However, the letter also contains information that is not sufficiently personal to outweigh the public's interest in it. For that reason, it is my opinion that the letter should be released with the personal information redacted. More specifically, it is my opinion that the first sentence of the letter should be redacted. In addition, the remainder of the third paragraph after the sentence ending with the words "power or authority in" should be redacted. Finally, in the fourth paragraph, the two sentences after the sentence ending with the words "would change" should be redacted. The remainder of the letter consists of information in which the public's interest outweighs any privacy interest. I have consistently taken the position that the public generally has a heightened interest in records reflecting the conduct of public school teachers during school hours, during school events, and on school property. See, e.g., Op. Att'y Gen. No. 2002-158; 2001-142; 2001-144; 2001-148; 2001-153; 2001-151; 2001-150. This interest is further heightened where students are impacted. Id. In my opinion, the remainder of your letter contains such information.
It should be noted that your letter of resignation also constitutes the "personnel record" of any other employees mentioned in the letter. Accordingly, its releasability as those employees' personnel records must be evaluated under the "clearly unwarranted" standard discussed above. It is my opinion that the letter does not contain any information the release of which would constitute a clearly unwarranted invasion of the personal privacy of any employees mentioned in the letter. The letter should therefore be released, with the redactions discussed above.
Finally, it is my opinion that the record attached to your letter, reflecting an assignment of coaching duties and referred to in your letter, contains no personal information that would warrant withholding it from the public, and it should be released.
The Other Records in the Personnel File
The other records maintained in your personnel file likely constitute either "personnel records," the releasability of which must be analyzed under the "clearly unwarranted" balancing test discussed above, or "employee evaluation/job performance records," which are subject to a difference standard of releasability, discussed below.
The FOIA does not define the term "employee evaluation/job performance records." I have taken the position that records that were created by or at the behest of the employer and that relate to an employee's performance or lack of performance on the job are properly classified as "employee evaluation/job performance records" under the FOIA. See, e.g.,
Op. Att'y Gen. No. 2002-158; 2002-085; 2002-055; 2001-028; 2000-242.
"Employee evaluation/job performance records" are exempt from disclosure to the public unless the following three conditions have been met:
 • There has been a final administrative resolution of any suspension or termination proceeding;
 • The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 • There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
A presumption of the above-quoted standard for the release of employee evaluation/job performance records is that the employee in question was either suspended or terminated. Therefore, if you were never suspended or terminated, your employee evaluation/job performance records cannot be released. However, if at any time you were suspended or terminated, such records must be analyzed under the test set forth above.
As a final matter, I note that there is one further basis for withholding certain records from release under certain circumstances: the constitutional right of privacy.
The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the FOIA, at least with regard to the release of documents containing constitutionally protectable information. See McCambridge v. City ofLittle Rock, 298 Ark. 219, 766 S.W.2d 909 (1989). The McCambridge court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed.
If any of the records in your personnel file contain information that meets the three prongs of test laid out by the McCambridge court, a determination must then be made as to whether the governmental interest in disclosure under the FOIA (i.e., the public's legitimate interest in the matter) outweighs your privacy interest in their non-disclosure. This determination will be a factual one, based upon the information about the situation. It should be noted that it is extremely difficult to satisfy the requirements that were set forth by the court in McCambridge. The constitutional claim did not prevail in that case, despite the intensely personal nature of some of the records in question.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General